# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LYESHA CLARK, et al.,** : | |
|         **Plaintiffs,** : | |
| : | **Civil Action** |
| v. : | **No. 19-1579** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
|         **Defendants.** : | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF DEFENDANT, CITY OF PHILADELPHIA**

Defendant, City of Philadelphia, moves for summary judgment, and submits this reply brief in support of its motion.

### A. Plaintiffs have adduced no evidence to prove *Monell* liability and cannot prove that the City of Philadelphia violated their constitutional rights

Even assuming there was a constitutional violation in this case by Defendant Merrell, Plaintiffs' claims against the City fail because there are no facts to support *Monell* liability. Plaintiffs' *Monell* theories are for failure to train and failure to discipline. Plaintiffs only evidence for *Monell* liability is that during the incident at issue, police training, procedure and direction were not followed. There is no evidence that any training or policy were themselves unconstitutional. There is no evidence of any pattern of constitutional violations the City was aware of. Plaintiffs' theory is so broad that it would find that "…a violation of a constitutional right would occur any time a person was injured and a policy was not followed by police." *Koreny v. Smith*, No. CV 17-371, 2018 WL 1141513, at *16 (W.D. Pa. Mar. 2, 2018). This theory circumvents the limitations on *Monell* liability. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).

Plaintiffs also adduce no evidence that the City of Philadelphia violated plaintiffs' constitutional rights. For there to be municipal liability for a constitutional violation, "there still must be a violation of the plaintiff's constitutional rights." *Brown v. Commonwealth of Pennsylvania, Dep't of Health Emergency Med. Servs. Training Inst*., 318 F.3d 473, 482-83 (3d Cir. 2003). In other words, without an underlying constitutional violation, there can be no municipal liability. Because plaintiffs have no evidence showing that the City violated their constitutional rights, and because there is no evidence to support *Monell* liability, Plaintiffs' claim as to the City (Count II) should be dismissed.

> **i. Plaintiffs have Adduced No Evidence of a Municipal "Policy" or "Custom" that Caused their Injuries.**

Plaintiffs must demonstrate that a policy or custom of the City of Philadelphia caused their alleged constitutional violation. *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978). In addition, there must be direct causal link between the policy or custom and the constitutional violation. *See Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001). Plaintiffs in this case allege the policy or custom was a failure to train or discipline officers regarding vehicle chases.

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). In order to prove a municipal policy or custom, plaintiffs must show that the failure to train or discipline "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388, (1989); *see also Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019)(finding plaintiff alleging failure to discipline "must show that said failure

amounts to deliberate indifference to the constitutional rights of those affected"). In other words, for the City of Philadelphia to be liable under *Monell*, the alleged failure to train or discipline must have been the "moving force" behind the individual officer's constitutional violation with a "direct causal link" to the constitutional violation. *Id*.

This is a stringent standard of fault, requiring proof that a municipal actor "disregarded a known or obvious consequence of his action." *Board of County Commissioners of Bryan County., Okl. v. Brown*, 520 U.S. 397, 410 (1997). "A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train or failure to discipline. *Connick*, 563 U.S. at 62 (citing *Bryan*, 520 U.S. at 409). This is because a municipality cannot have "deliberately chosen a training program that will cause violations of constitutional rights" if it is not on notice that this training is insufficient to prevent these violations. *Id*.

Plaintiffs concede there is no "pattern of violations" that evidences a failure to train or discipline that amounts to deliberate indifference by the City of Philadelphia. Plaintiffs make no arguments there was any such pattern and adduce no facts in their reply brief to support this theory. This is because there is no evidence in the record of any pattern of police pursuits by City of Philadelphia police officers causing constitutional deprivations. In addition, there is no evidence of a pattern or history of the City failing to discipline police officers leading to constitutional deprivations.

Consequently, Plaintiffs argue "single incident" *Monell* liability applies to the facts of this case.[1] This theory of *Monell* liability only applies "in a narrow range of circumstances"

---

[1] It is unclear how "singe incident" liability could apply to a failure to discipline theory, which necessarily implies knowledge by the officers of impunity to act which then causes plaintiffs constitutional violation. No evidence of such knowledge is in the record of this case.

where "the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick*, 563 U.S. at 64. *Canton*, which first hypothesized this type of liability, offered a hypothetical example that if a municipality failed to train its police officers to use firearms, this would be an obvious problematic omission because "city policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons," and "the need to train officers in the constitutional limitations on the use of deadly force" is "so obvious" that a failure to provide such training could provide a basis for single-incident municipal liability. *Canton,* 489 U.S. at 390 n. 10.

"The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights" are two factors that can be used together to determine if a "single incident" can show a City's deliberate indifference. *Bryan*, 520 U.S. at 409. Cases applying these factors have found them to apply where there is a complete absence of training. *See Thomas v. Cumberland Cnty.*, 749 F.3d 217, 225 (3d Cir. 2014)(framing its analysis as whether plaintiff's constitutional injury was a "highly predictable consequence" of defendant jail's failure to provide de-escalation and intervention training); *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276–77 (3d Cir. 2000)(finding issue of fact when a municipality used a system "where the slip of a finger could result in wrongful arrest and imprisonment" and the record contained no evidence of any procedures safeguarding against such a mistake). Here, the record shows that the City had training on police chases, as plaintiffs concede in their opposition motion, and specifically instructed that officers are not to engage in pursuit of dirt bikes or ATVs.[2] See page 13 of Plaintiff's Reply in Opposition to MSJ of the City. The facts of this case

---

[2] Plaintiffs' expert' report states that Defendant Merrell "had been told prior to this incident that officers were not to pursue ATV's or dirt bikes because of the dangers to the public."

are distinguishable from *Berg* which involved a system likely to lead to constitutional violations and a corresponding complete lack of training to address this likelihood. Such a system does not exist under the facts in this case, but instead there is a simple binary: should an officer give chase or not. The instruction in the record is similarly simple: do not engage in pursuit of dirt bikes or ATVs.

Plaintiffs' expert Meyer does not state the City was lacking in training or policy. Plaintiffs' expert does not opine there was a course of training that was needed in order to prevent plaintiffs' injury. His opinion is only that multiple officers violated protocol on the day of plaintiff's injury, at the officer level and above, and this "all combined to indicate a systemic failure on the part of the City of Philadelphia and PPD to take its own policies seriously." This opinion is based on a failure to discipline, not train. But there is no evidence of any pattern by the City or PPD of failing to take its "policies seriously." And there is no evidence of police officers having reason to believe they were free to violate training and policy. Plaintiffs' theory is so broad that it would find that "…a violation of a constitutional right would occur any time a person was injured and a policy was not followed by police." *Koreny v. Smith*, No. CV 17-371, 2018 WL 1141513, at *16 (W.D. Pa. Mar. 2, 2018). This theory grossly distorts *Monell* liability, which requires proving the municipality was the moving force behind the constitutional deprivation, and instead inappropriately inserts a negligence standard. *See Koreny* No. CV 17-371, 2018 WL 1141513, at *17 (finding that allegations of policies not being followed regarding a police chase are mere allegations of negligence and dismissing *Monell* claim for failure to state a claim).

Plaintiffs must prove the City was the moving force behind their alleged constitutional violation. This can be done by showing the City had an unconstitutional policy or custom that

caused plaintiffs injuries, or that a failure or inadequacy by the City amounted to a "deliberate or conscious choice" to cause plaintiffs harm. *See Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). Plaintiffs cannot prove a failure or inadequacy by the City amounted to a deliberate indifference to their harm when the City had training and a policy explicitly against the conduct at issue. *Monell* does not allow for liability based on *respondeat superior*, but that is the only case for liability that plaintiffs evidence can establish. *Monell* 436 U.S. at 691. Plaintiffs must show their injury was caused by a City policy or custom, and plaintiffs cannot do so under the facts of this case.

ii. **Plaintiffs cannot prove that the City of Philadelphia violated their constitutional rights**

For there to be municipal liability for a constitutional violation, "there still must be a violation of the plaintiff's constitutional rights." *Brown v. Commonwealth of Pennsylvania, Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 482-83 (3d Cir. 2003). In other words, without an underlying constitutional violation, there can be no municipal liability. Proving harm resulted from a police chase is not enough to make out a *Monell* claim, as there must be constitutional harm where the "city itself is the wrongdoer." *See Koreny* No. CV 17-371, 2018 WL 1141513, at *18 (citing *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120 (1992)). While *Fagan* has been critiqued and modified by the Third Circuit and arguably superseded by *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 855 (1998), *Fagan* does still require "a constitutional violation committed by the City" for there to be *Monell* liability.

*Lewis*, where petitioners were both an individual officer and a municipal entity, held that there could be no constitutional violation for a police pursuit unless there is "intent to harm." *Lewis*, 523 U.S. at 854. "If the intent to harm is not found with respect to the individual officer

and his conduct, the intent to harm, then, must be found with respect to the municipality in order for [plaintiffs] to state [their] claim." *Koreny*, No. CV 17-371, 2018 WL 1141513, at *21. Plaintiffs do not adduce any evidence to show the City had this requisite "intent to harm." More broadly speaking, there is no evidence of any lack of training or supervision that "shock[s] the conscience." *Lewis*, 523 U.S. at 854. Nothing in the record suggests anything conscience shocking by the City, as it had a policy and training addressing police pursuits, and it is undisputed that the officer at issue was instructed by his superior to not pursue the dirt bike before plaintiffs injuries. *See Am. Cmplt*. at ¶¶30-32; Exhibit B of Plaintiff's Opposition Brief, page 150. At best the record shows on a single occasion police training and policy was not followed, and that cannot amount to an intent to cause harm by the City. There is no intent to harm and there is nothing shocking the consciousness under the facts of this case. Plaintiffs have adduced no evidence to show the City committed a constitutional violation, and so Plaintiffs' claim as to the City (Count II) should be dismissed.

Date: July 1, 2022

Respectfully submitted,

*/s/ Derek R. Kane*
Derek R. Kane, Esquire
Deputy City Solicitor
Pa. Attorney ID No. 316941
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5374
derek.kane@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYESHA CLARK, et al., | : | |
|         Plaintiffs, | : | |
| | : | Civil Action |
|     v. | : | No. 19-1579 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
|         Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Defendant's REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANT, CITY OF PHILADELPHIA has been filed on ECF and is available for viewing and downloading.


Date: July 1, 2022　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　*/s/ Derek R. Kane*
　　　　　　　　　　　　　　　　　　　　　Derek R. Kane